**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | |
|---|---|
| FARHAD RADFAR | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. |
| | *   8:16-cv-03082-GJH |
| | * |
| ROCKVILLE AUTO GROUP, | * |
| LLC, et al. | * |
| | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL
SUMMARY JUDGMENT**

In this action, Plaintiff Farhad Radfar's ("Plaintiff") seeks to recover overtime and minimum wages under the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law ("MWHL") from Defendants Rockville Auto Group, LLC ("Rockville Auto"), Abdullah Razaq ("Razaq"), and Toba Hamidi[1] ("Hamidi") (collectively, "Defendants"). Plaintiff's claims fail as a matter of law for three separate reasons.

As an initial matter, Plaintiff's claims against Hamidi fail, because the undisputed facts establish that she is not an employer for purposes of the FLSA or the MWHL. Well-established law provides that merely being an owner of a company is not sufficient to establish that an individual is an employer under the FLSA and the MWHL. Here, the undisputed facts establish that Hamidi was nothing more than an owner of Rockville Auto. She was not involved in the day-to-day operations of Rockville Auto. Accordingly, all of Plaintiff's claims against Hamidi should be dismissed.

---

[1] The Complaint erroneously names "Tuba Hamedi" as an individual defendant. The correct spelling of her name is Toba Hamidi.

Second, the FLSA and MWHL applies only to "employees." Here, it is undisputed that Plaintiff entered into a working relationship with Rockville Auto in September 2014. The nature of their relationship resembled that of a symbiotic relationship rather than an employer-employee relationship. Plaintiff was an investor in Rockville Auto. Indeed, Plaintiff was entitled to receive a portion of the net profit of certain automobiles that were sold. Accordingly, the FLSA and MWHL does not apply to Plaintiff. As a result, this Court should enter judgment against Plaintiff as a matter of law on all of his claims.

Finally, even if Plaintiff could raise an issue of material fact about being an employee of Defendants, the undisputed facts establish that Plaintiff clearly falls within the FLSA's and MWHL's "automobile dealer" exemption from overtime requirements. Plaintiff's own Complaint establishes that he worked for a car dealership as a salesman. Accordingly, this Court should enter judgment against Plaintiff on all of his overtime claims.

## STATEMENT OF UNDISPUTED FACTS

Razaq and Hamidi owned a car dealership, Rockville Auto, in Gaithersburg, Maryland. (Razaq Decl. ¶ 1; Hamidi Decl. ¶ 1.) Plaintiff entered into a working relationship with Rockville Auto in September 2014. (Compl. ¶ 12, , ECF 1; Razaq Decl. ¶ 2.) Plaintiff was an investor in Rockville Auto, and was entitled to receive a portion of the net profit of certain automobiles that were sold. (Razaq Decl. ¶ 2.) This arrangement was set forth in a written Promissory Note entered into by Plaintiff and Razaq and Rockville Auto. (Razaq Decl. ¶ 2, Ex. A.) Pursuant to the Promissory Note, Plaintiff received a commission of 50% of the profit of the vehicles he had bought and sold

through Rockville Auto.  (Razaq Decl. ¶ 2 Ex. A.)  In addition, during Plaintiff's relationship with Rockville Auto, Rockville Auto gave him a space to operate his own business.  (Razaq Decl. ¶ 3.)  Plaintiff's relationship with Rockville Auto ended in about May 2016.  (Compl. ¶ 12, ECF 1; Razaq Decl. ¶ 4.)  In total, during his relationship with Rockville Auto which lasted approximately 20 months, Plaintiff received about $120,000 from Rockville Auto in the form of net profits of the sale of automobiles, weekly fixed payment, and other payments.  (Razaq Decl. ¶ 5.)

Although Hamidi was an owner of Rockville Auto, Hamidi was not engaged in the day-to-day operations of the company's business.  (Hamidi Decl. ¶ 2.)  Hamidi did not hire or fire Plaintiff or any of Rockville Auto's employees.  (Hamidi Decl. ¶ 3.)  She did not supervise or control Plaintiff's or any of any of the company's employees' work schedules or conditions of employment.  (Hamidi Decl. ¶ 3.)  She did not determine Plaintiff's or any of the company's employees' rate and method of pay.  (Hamidi Decl. ¶ 3.)  Nor did she maintain Rockville Auto's employment records.  (Hamidi Decl. ¶ 4.)  Indeed, she had limited knowledge about Rockville Auto's business.  (Hamidi Decl. generally)  In response to Plaintiff's Interrogatories, Hamidi indicated that she "has limited knowledge about the business as she was not there on a day-to-day basis." (Spencer Decl. ¶ 2, Ex. A.)

Rockville Auto no longer exists as a legal entity.  (Razaq Decl. ¶ 1.)

After Plaintiff's relationship with Rockville Auto ended, Plaintiff filed this lawsuit on or about September 6, 2016, asserting various claims against Defendants for unpaid minimum and overtime wages in violation of the FLSA and MWHL.  (Compl., ECF 1.)  As discussed below, all of Plaintiff's claims fail as a matter of law.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). To satisfy this burden, it is sufficient for the defendant to point to an absence of evidence supporting an essential element of the plaintiff's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex*, 477 U.S. at 325. The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rather, he "must present affirmative evidence." *Id.* at 257. Equally insufficient are "mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F. 2d 213, 214 (4th Cir. 1985) (citation omitted).

Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* A "material fact" is a fact that may affect the outcome of a party's case. *Anderson*, 477 U.S. at 248. In this regard, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[E]vidence illustrating the factual controversy cannot be conjectural." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989). If the evidence in the record "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and the motion should be granted. *Matsushita*, 475 U.S. at 587.

Here, Plaintiff cannot present specific admissible evidence that establishes the essential elements of his claims. Accordingly, for the reasons detailed below, summary judgment is warranted here.

## ARGUMENT

I. **The Claims Against Hamadi Fail As a Matter of Law, Because She Was Not an Employer**

Pursuant to the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The MWHL defines "employer" identically to the FLSA. *See* MWHL § 3-401(b). This Court has affirmed that an individual may qualify as an employer under the FLSA. *See Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. 2013).

To successfully establish individual liability, the plaintiff bears the burden of establishing an individual defendant was an employer with the meaning of the statute. Courts use the "economic reality" test to assess whether an individual can be classified as an employer under the FLSA and the MWHL.[2] The primary concern is answering whether the individual in question "possessed the power to control the workers in question." *Rivera v. Mo's Fisherman Exch., Inc.*, No. ELH-15-1427, at 16 (D. Md.

---

[2] Maryland courts have applied the FLSA economic realities test to the MWHL *Newell v. Runnels*, 407 Md. 578, 649-54 (2009); *Watkins v. C. Earl Brown, Inc.*, 173 F. Supp. 2d 409, 416 (D. Md. 2001).

2018).

Aside from an individual's ownership interest, the courts assess four factors concerning an individual's operational control over the employment relationship. Those factors include whether the employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citing *Prusin v. Canton's Pearls, LLC*, 2017 WL 5126156, at *11 (D. Md. 2017)). No single factor is dispositive under this test; rather, courts must consider the totality of the circumstances. *Id.* (citing *Iraheta v. Lam Yuen, LLC*, 2012 WL 5995689 (D. Md. 2012)).

In this action, Plaintiff has failed to produce any evidence to satisfy the factors identified above. As discussed above, Hamidi was not involved in the day-to-day operations of Rockville Auto's business. (Hamidi Decl. ¶ 2.) Hamidi did not hire or fire Plaintiff or any of Rockville Auto's employees, nor did she supervise or control Plaintiff or the employees' work schedules or conditions of employment. (Hamidi Decl. ¶ 3.) Similarly, Hamidi did not determine Plaintiff's or the employee's rate and method of pay. (Hamidi Decl. ¶ 3.) Nor did she maintain Rockville Auto's employment records. (Hamidi Decl. ¶ 4.) Moreover, Hamidi responded to Plaintiff's Interrogatories that she "has limited knowledge about the business as she was not there on a day-to-day basis." (Spencer Decl. ¶ 2, Ex. A.)

At best, Plaintiff can establish Hamidi was an owner of Rockville Auto. Ownership of a company, however, does not infer actually exercising operational control of a company's employees. *See Rivera*, No. ELH-15-1427, at 19 (recognizing that even

though the individual defendant was the sole owner and had ultimate control, he chose to limit his role in day-to-day employment matters); *Alvarez-Soto v. B. Frank Joy, LLC*, 258 F. Supp. 3d 615, 630 (D. Md. 2017) (individual defendants were merely alleged to be "corporate offices" who "had knowledge of the matters" alleged in the complaint); *Iraheta v. Lam Yuen, LLC*, 2012 U.S. Dist. LEXIS 169901, at *10-*11 (D. Md. 2012) (staging that "an individual defendant's status as a high-level corporate shareholder or officer does not necessarily impart 'employer' liability to that individual; the analysis turns on the economic realities of the individual's relationship with the putative employee"); *Whyte v. PP&G, Inc.*, 2015 U.S. Dist. LEXIS 68059, at *7 (D. Md. 2015) (granting summary judgment in favor of an individual defendant as they did not control the plaintiff's day to day employment and "the fact that [the individual defendant] is the owner of PP&G is not, by itself, sufficient to establish that she was an employer under the FLSA").

As pointed out in the above cases, the fact that Hamidi is an owner of Rockville Auto is insufficient to establish that she is an employer under the FLSA or the MWHL. There is no evidence suggesting that Hamidi exercised no operational control over Plaintiff or Rockville Auto's employees. Accordingly, all of Plaintiffs' claims against Hamidi must fail as a matter of law.

## II.     The Claims Against Defendants Fail As a Matter of Law, Because Plaintiff Was Not an Employee of Defendants

The FLSA applies only to "employees." *See* 29 U.S.C. §§ 206, 207. The FLSA defines the term "employee" as "any individual employed by an employer." *Id.* § 203(e)(1). Similarly, the MWHL only applies to employees. *See* MWHL §§ 3-413, 3-

415, 3-420.

As discussed above, Plaintiff's relationship with Defendants was more akin to a business relationship rather than an employer-employee relationship. That Plaintiff was a quintessential investor is confirmed by the fact that he simultaneously operated his own personal business on the premises of Rockville Auto. Plaintiff entered into a working relationship with Rockville Auto in September 2014. (Compl. ¶ 12, ECF 1; Razaq Decl. ¶ 2.) Plaintiff invested money in Rockville Auto. (Razaq Decl. ¶ 2.) Pursuant to the Promissory Note entered into by Plaintiff and Razaq and Rockville Auto, Plaintiff received a commission of 50% of the profit of the vehicles he had bought and sold through Rockville Auto. (Razaq Decl. ¶ 2 Ex. A.) In addition, Rockville Auto gave Plaintiff space to operate his own business. (Razaq Decl. ¶ 3.) Plaintiff's relationship with Rockville Auto ended in about May 2016. During his relationship with Rockville Auto, which lasted approximately 20 months, Plaintiff received in total about $120,000 from Rockville Auto in the form of net profits of the sale of automobiles, weekly fixed payment, and other payments. (Razaq Decl. ¶ 5.) Accordingly, this Court should dismiss all of Plaintiff's claims against Defendants as a matter of law, as he was not an "employee" for purposes of the FLSA or the MWHL.

### III.    The Overtime Claims Against Defendants Fail As a Matter of Law, Because Plaintiff Was Exempt from Federal and State Overtime Requirements

Even if Plaintiff can establish that he is an employee for purposes of the FLSA and the MWHL, his overtime claims still fail because he is exempt from the overtime requirements.

The FLSA requires that employers pay employees a premium rate for hours worked above forty in a workweek unless they qualify for one or more specified exemptions.  29 U.S.C. § 207(a)(1).  The FLSA provides an exemption from the statute's overtime requirements for "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers."  *Id.* § 213(b)(10)(A).

Similarly, the MWHL requires employers to pay its employees overtime wages for all hours worked in excess of forty in a workweek.  MWHL §§ 3-415(a), 3-420(a).  Like the FLSA, the MWHL also provides an exemption from its overtime requirements for "a mechanic, partsperson, or salesperson who primarily sells or services automobiles, farm equipment, trailers, or trucks, if the employer is engaged primarily in selling those vehicles to ultimate buyers and is not a manufacturer."  *Id.* § 3-415(c)(2).

The Department of Labor ("DOL") regulations promulgated under the FLSA states that an establishment qualifies for this exemption if the establishment (1) is not engaged in manufacturing, and (2) is primarily engaged in the business of selling automobiles, trucks, or farm implements to the ultimate purchaser.  29 C.F.R. § 779.372(b)(1).  The regulations define "salesman" as "an employee who is employed for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for sale of the automobiles, trucks, or farm implements that the establishment is primarily engaged in selling."  *Id.* § 779.372(c)(1).  Moreover, "[w]ork performed incidental to an in conjunction with the employee's own sales or solicitations, including incidental deliveries and collections, is regarded as within the exemption."  *Id.*  The regulations

9

define "partsman" as "any employee employed for the purpose of and primarily engaged in requisitioning, stocking, and dispensing parts." *Id.* § 779.372(c)(2). A "mechanic" is defined as "any employee primarily engaged in doing mechanical work . . . in the servicing of an automobile, truck or farm implement for its use and operation as such." *Id.* § 779.372(c)(3).

These "automobile dealer" exemptions have been broadly applied by the Courts. Indeed, in a recent opinion by the United States Supreme Court, *Encino Motorcars, LLC v. Navarro*, 584 U.S. ___ (2018), it held that the "automobile dealer" exception applied to service advisors. *Id.*

Here, the undisputed facts establish that Plaintiff worked an automobile dealership as a salesman. Plaintiff's own Complaint states that he "worked at the car dealership as an employee of Defendants" where "he undertook all tasks assigned by the Defendants including purchasing parts and vehicles at auction, transporting vehicles between the vendor and the purchaser, handling customer service, and delivering purchased vehicles." (Compl. ¶ 6, ECF 1.) He further stated that he "worked on an auto lot as car dealership employees of the Defendants . . . where [he] handled, prepared for sale, and delivered goods and products." (Compl. ¶ 8, ECF 1.) Moreover, pursuant to the Promissory Note, Plaintiff received a commission of 50% of the profit of the vehicles he had bought and sold through Rockville Auto. (Razaq Decl. ¶ 2 Ex. A.) Thus, it cannot be disputed that Plaintiff qualifies as a salesman or partsman under the automobile dealer exemption provided for in the FLSA and the MWHL. Accordingly, this Court should enter judgment in favor of Defendants on all of Plaintiff's overtime claims.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants respectfully request that this Court grant their Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment and enter judgment in favor of them, and for such other relief as justice requires.

Respectfully submitted,

_____/s/_____
Deyka Williams Spencer
The Spencer Firm, LLC.
2275 Research Blvd., Suite 500
Rockville, MD 20850
Phone: (301) 637-2866
Fax: (866) 686-2126
dspencer@spencer-firm.com

*Attorney for Defendants*